IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LESHAWN STRADFORD,**            CASE NO. 1:23 CV 592

    Plaintiff,

    v.                               JUDGE CHARLES E. FLEMING

**U.S. BANK,**

                                     **MEMORANDUM OPINION**
    Defendant.                  **AND ORDER**

### INTRODUCTION

*Pro se* Plaintiff LeShawn Stradford ("Plaintiff") filed this action against Defendant U.S. Bank ("Defendant"). (See ECF No.1, Compl.). The Complaint consists of two brief statements: "U.S. Bank is illegally taking funds from my checking acct and the amount that [it is] taking is $7.00 a month. For the past 2 years" and "I've been corrupt for something else from the federal industry." (*Id.*). The Complaint contains no request for relief.

### STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99

F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

## DISCUSSION

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to identify a viable legal basis within the jurisdiction of this Court or a proper request for relief. Plaintiff merely asserts "430" as the basis for the Court's jurisdiction. (ECF No. 1, Compl. at PageID #4). At best, this is an incomplete citation to a law Plaintiff alleges forms the basis of his claim against Defendant. Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on Defendant to speculate about potential claims that Plaintiff may be raising and any defenses it might assert in response. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989), abrogated on other grounds, *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc); *Clements v. Brimfield Twp.*, No. 1:12 CV 1180, 2012 U.S. Dist. LEXIS 162598, at *16 (N.D. Ohio Nov. 14, 2012). Plaintiff's Complaint fails to meet the minimum pleading requirements of Federal Civil Procedure Rule 8. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). Further, the Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: July 10, 2023

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE